IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| QUANTA SERVICES, INC. AND PAR ELECTRICAL CONTRACTORS, INC. § § § | |
| § | CIVIL ACTION NO. _____ |
| v. § § | |
| § | JURY DEMANDED |
| § | |
| ADMIRAL INSURANCE COMPANY § | |

PLAINTIFFS QUANTA SERVICES, INC. AND PAR ELECTRICAL CONTRACTORS, INC.'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

Plaintiffs Quanta Services, Inc. ("Quanta") and PAR Electrical Contractors, Inc. ("PAR") collectively referred to as ("Plaintiffs" or "Quanta/PAR") file their Original Complaint and Request for Declaratory Judgment against Defendant Admiral Insurance Company ("Defendant" or "Admiral"), and would respectfully show the Court as follows:

I.
NATURE OF THE ACTION

1. Quanta/PAR bring this claim for declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

2. Quanta/PAR seek a declaratory judgment that Admiral owes the primary obligation to defend Southern California Edison ("SCE") in the two underlying lawsuits styled, Case No. BC579513; *Orozco v. Southern California Edison, et al.*, in Superior Court of the State of California for the County of Los Angeles and Case No. BC574305; *Marth v. Southern California Edison, et al.*, in the Superior Court of the State of California for the County of Los Angeles.[1]

---
[1] See generally attached **Exhibit A** and **Exhibit B**. These two suits were recently consolidated and the consolidated suit bears the *Marth* style.

1

3. Quanta/PAR also seek declaratory judgment that under the terms of their liability insurance policy issued by Old Republic Insurance Company ("ORIC"), the ORIC policy is excess to Admiral. As a result, the ORIC policy is not obligated to begin funding SCE's defense until such time as Admiral's indemnity limit may become exhausted by payment of judgments or settlements.

4. Quanta/PAR are not litigating indemnity at this time. However, Quanta/PAR reserve the right to litigate any indemnity issues when the parties' putative obligations to indemnify SCE become ripe.

## II.

## THE PARTIES

5. Plaintiff Quanta Services, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business in Houston, Texas.

6. Plaintiff PAR Electrical Contractors, Inc. is a corporation organized under the laws of the state of Missouri with its principal place of business in Kansas City, Missouri. Quanta owns PAR and both are named insureds on the ORIC policy. The ORIC policy contains a liability deductible provision, which requires Quanta/PAR to assume direct responsibility for funding all policy obligations until the deductible has been satisfied. However, the terms of the ORIC policy govern Quanta/PAR's obligations within their deductible.

7. Defendant Admiral Insurance Company is a corporation organized under the laws of the state of Delaware with its principal place of business in Mount Laurel, New Jersey.

## III.
## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), based on the diversity of citizenship of the parties. The amount in controversy exceeds

$75,000, exclusive of interests and costs.  Although the underlying petitions are silent as to the amount of actual damages, they are wrongful death lawsuits involving the death of Brandon Orozco.  The amount of controversy in this coverage action includes the amount of the defense costs which will be incurred in defending the consolidated *Marth* lawsuit, and it is reasonably foreseeable that those costs will exceed $75,000.

9. The Court has personal jurisdiction over Admiral because Admiral regularly conducts business in the state of Texas.

10. Venue is proper in this District under 28.U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.  Specifically, Houston, Texas is the location of Quanta's home office and it is also the place where the ORIC policy was delivered.

## IV.
## BACKGROUND FACTS

11. This declaratory action arises from a wrongful death suit.  Hector Orozco, individually and as successor-in-interest to Brandon Orozco, filed a lawsuit in Orange County Superior Court against, in relevant part, SCE and "Does 1 to 100, Inclusive," styled, Case No. BC579513; *Orozco v. Southern California Edison, et al.*, in the Superior Court of the State of California for the County of Los Angeles.  The *Orozco* suit arises out of an incident that occurred on September 30, 2013, resulting in the death of Brandon Orozco, who was an employee of CAM Contractors, Inc. ("CAM").  CAM was the subcontractor whose employees were in the vault at the time of the incident, and Admiral is its liability carrier.  Brandon Orozco's mother, Dela Marth, filed a similar suit styled Case No. BC574305; *Marth v. Southern California Edison, et al.*, in the Superior Court of the State of California for the County of Los Angeles.

12. The two lawsuits contain essentially identical allegations, and both allege that SCE and the Doe Defendants "were responsible for the control, design, construction, inspection, maintenance, repair, equipment, labeling of switches, supervision, operation, safety, management, and general operating conditions of the subject underground electrical vault."[2] The lawsuits also allege that the Doe Defendants are "responsible in some manner" for the incident, and their conduct proximately caused Brandon Orozco's death.[3] They further allege that the Doe Defendants were the agents "of each of the remaining defendants" and were acting within the purpose and scope of their agency.[4]

13. Furthermore, the *Marth* and *Orozco* lawsuits allege that SCE and the Doe Defendants "negligently and carelessly owned, possessed, leased, managed, operated, maintained, designed, constructed, repaired, inspected, supervised, controlled, and otherwise managed the subject underground electrical vault so as to cause and permit a de-energized cable and conductor to be energized while decedent BRANDON OROZCO was performing his job duties, resulting in an inherently dangerous condition … that caused the electrocution and ultimately death of BRANDON OROZCO."[5] *Marth* and *Orozco* seek general damages, special damages, lost wages, prejudgment interest, and costs of suit.

14. SCE contracted with PAR for services related to the circuit reliability projects in Huntington Beach, California. In turn, PAR subcontracted with CAM to perform work in connection with the circuit liability projects and CAM hired the deceased Brandon Orozco. In the agreement between SCE and PAR, PAR agreed to indemnify and defend SCE with respect to certain categories of claims and to provide additional insured coverage to SCE. Similarly, CAM

---

[2] *See* **Exhibit A** at Quanta 0003.
[3] *See* **Exhibit A** at Quanta 0004.
[4] *See* **Exhibit A** at Quanta 0002.
[5] *See* **Exhibit A** at Quanta 0003.

agreed to indemnify and defend Quanta/PAR and to provide "primary and non-contributory" coverage pursuant to its sub-contractor agreement.

15. Quanta/PAR tendered the defense of SCE in the *Marth* and *Orozco* lawsuits to CAM and Admiral. Admiral accepted the defense of SCE as an additional insured, subject to a reservation of rights. However, Admiral has refused to fully fund the defense of SCE, contending that it and Quanta/PAR have a co-equal duty to defend SCE, and that PAR is therefore obligated to share SCE's defense costs with Admiral on a 50/50 basis.

16. Additionally, after being added as a party in the *Marth* lawsuit, PAR tendered its own defense in that suit to CAM and Admiral on October 7, 2015. CAM and Admiral have accepted PAR's defense, subject to a reservation of rights.

17. On or about November 13, 2015, the *Marth* and *Orozco* cases were consolidated into a single case, with the *Marth* case deemed to be the lead case. Therefore, the consolidated case will be referred to hereinafter as the *Marth* case.

## IV.
## DECLARATORY JUDGMENT

18. Quanta/PAR seek a declaratory judgment under 28 U.S.C. § 2201 that:

   (1) To the extent the parties' duty to defend SCE exists, Admiral owes the primary obligation to defend SCE in the consolidated *Marth* lawsuit; and

   (2) The ORIC policy is excess to the Admiral policy and thus Quanta/PAR is not obligated to fund the defense of SCE until such time as Admiral's indemnity limit may become exhausted by payment of judgments or settlements..

19. **Admiral Policy**. Admiral issued to CAM commercial general liability policy, No. CA000011022-07, effective from April 23, 2013, to April 23, 2014. The Admiral policy

contains an endorsement entitled, "Additional Insured—Owners, Lessee or Contractors—Scheduled Person or Organization,"[6] which states, in relevant part, as follows:

> **A. Section II—Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury"… caused, in whole or in part, by:
> 1. Your acts or omissions; or
> 2. The acts or omissions of those acting on your behalf;
> in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.[7]
> * * *

20. The endorsement lists for the location(s) of covered operations "all locations otherwise covered by this insurance." It also lists in the Schedule under "Name Of Additional Insured Person(s) Or Organization(s):

> … a contractor on whose behalf you are performing ongoing operations, but only if coverage as an additional insured is required by a written contract or written agreement that is an "insured contract", and provided that the "bodily injury" … first occurs subsequent to the execution of the contract or agreement.[8]

21. The Admiral policy defines "insured contract," in pertinent part, as:

> That part of any other contract or agreement pertaining to your business … under which you assume the tort liability of another party to pay for "bodily injury"… to a third person or organization, provided the "bodily injury" … is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.[9]

22. The Admiral Policy also contains an endorsement entitled "Primary/Non-Contributing Insurance Endorsement," which states:

> It is agreed that Commercial General Liability Coverage Form CG 00 01 Section IV paragraphs 4.b. and 4.c. do not apply with respect to other valid and collectible Commercial General Liability insurance, whether primary or excess, available to the person or organization shown in the Schedule and:
>
> 1) Who is an insured under an Additional Insured-Owners, Lessees or Contractors endorsement attached to this policy; and

---

[6] *See* attached hereto, **Exhibit C** at Quanta 0044.
[7] *Id*.
[8] *Id*.
[9] **Exhibit C** at Quanta 0041.

6

      2) Who requires by specific written contract that this insurance is to be primary and/or non-contributory to other valid and collectible insurance available to that person or organization.[10]

\* \* \*

23. **Quanta/PAR are additional insureds under the Admiral Policy.** All of the elements of Admiral's Additional Insured Endorsement have been satisfied. First, CAM was performing services for Quanta/PAR and SCE when Brandon Orozco was killed, Plaintiffs are considered additional insureds as defined by the Admiral Policy. Second, there must be a written contract or agreement constituting an "insured contract" requiring coverage be procured benefiting the additional insured. The second element is satisfied due to the Standard Form General Contractor-Subcontractor Agreement ("PAR-CAM Agreement") entered into on August 29, 2013, which has a provision that CAM must assume the tort liability of SCE and PAR.[11] Next, coverage is limited to liability for bodily injury "caused, in whole or in part, by" CAM's acts or omissions in its performance of its ongoing operations for SCE and PAR. Because Brandon Orozco was an employee of CAM, which had a contract to perform circuit liability work and he was allegedly performing his duties as a CAM employee, there is a direct connection between CAM's work and the liability sought in the *Marth* lawsuit. As a result, Quanta/PAR are additional insureds under the Admiral policy and are entitled to be defended by Admiral.

24. **Admiral is the primary insurer and has the immediate duty to defend SCE**. As established above, Quanta/PAR are additional insureds, which satisfies the first element of Admiral's Primary Non-Contributing Insurance Endorsement. Likewise, Quanta/PAR have satisfied the second element: there must be a written contract that the Admiral Policy is the primary policy. The PAR-CAM Agreement specifically states that the "insurance policies shall cover Contractors, its surety (if any), and Owner as named insureds, and shall be primary

---

[10] *Id.*
[11] *See* attached hereto, **Exhibit D** at Quanta 84-85.

insurance." As such, the policy language is clear that Admiral is the primary policy and owes an immediate duty to defend SCE.

25.     **The ORIC Policy**. The ORIC Policy includes an endorsement entitled Primary and Non Contributory-Other Insurance Condition, which states the following language:

> **Primary And Noncontributory Insurance**
>
> This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:
>
> 1) The additional insured is a Named Insured under such other insurance; and
> 2) You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.[12]

26.     Significantly, this endorsement only requires ORIC to provide primary & non-contributory coverage to SCE, but not to CAM. This is in distinct contrast to Admiral's equivalent endorsement, which requires Admiral to provide primary & non-contributory coverage to PAR.

27.     The ORIC policy contains an endorsement entitled Amendment of Other Insurance Condition, which reads:

> 4. Other Insurance
>
> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:
>
> a.  Primary Insurance
>
> This insurance is primary only when you are required by contract or agreement to provide primary insurance.
>
> b.  Excess Insurance

---

[12] *See* attached hereto, **Exhibit E** at Quanta 0231. Despite its large size, the ORIC policy is being attached here in its entirety due to Texas law which requires the policy to be considered as a whole and that no single policy term should be construed in isolation. *See, e.g., Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.,* 267 S.W.3d 20, 23 (Tex. 2008) (holding no single phrase, sentence, or section should be considered apart from the other policy provisions).

> This insurance is excess over any of the other insurance, whether primary, excess, contingent, or on any other basis unless such insurance was specifically purchased by you to apply excess of this policy.
>
> When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any claim or "suit" if any other insurer has a duty to defend against that claim of "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers…[13]

28.     **The ORIC Policy is excess to the Admiral Policy.**  The ORIC policy is only primary when required by contract.  Quanta/PAR are only contractually required to provide primary/non-contributing insurance to SCE.  However, they are not contractually obligated to provide primary coverage to CAM, and thus, the Amendment of Other Insurance Condition under the ORIC policy renders it excess to Admiral, whose own excess clause is deleted by its primary & non-contributory endorsement.

29.     **Quanta/PAR does not have an immediate duty to defend SCE**.  Quanta/PAR have no duty to defend the insured if any other insurer has a duty to defend against the claim of "suit".  As evidenced in the PAR-CAM Agreement, Admiral owes the primary duty to defend SCE in the *Marth* lawsuit.  Additionally, the Admiral policy unequivocally states that it is the primary insurer, while the ORIC policy unequivocally states it is excess.  Thus, under the clear and unambiguous terms of the policies, Admiral must bear SCE's defense alone, or at a minimum until Admiral has exhausted its indemnity limits by payment of judgments or settlements.

## V.
## CONTINGENT CLAIM FOR REIMBURSEMENT

30.     For the reasons discussed above, Quanta/PAR request recovery of all costs incurred by them to partially fund SCE's defense in the *Marth* suit, should Admiral continue to refuse its obligation to fully fund the defense of SCE, forcing Quanta/PAR to contribute to SCE's defense costs prematurely.

---

[13] *See* **Exhibit E** at Quanta 0291-92.

# VI.
# PRAYER

31. FOR THESE REASONS, Plaintiffs Quanta Services, Inc. and PAR Electrical Contractors, Inc. request that, after a trial on the merits, they recover the following:

   a. declaratory judgment under 28 U.S.C. § 2201 that:

      1) To the extent the parties' duty to defend exists, Admiral owes the primary obligation to defend SCE in the consolidated *Marth* lawsuit; and

      2) The ORIC policy is excess to the Admiral Policy and thus Quanta/PAR are not obligated to fund the defense of SCE until such time as Admiral's indemnity limit may become exhausted by payment of judgments or settlements.

   b. all other relief to which it may be justly entitled.

Respectfully submitted,

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**

By:  */s/ Christopher W. Martin*
Christopher W. Martin
Texas Bar No. 13057620
Federal I.D. No. 13515
martin@mdjwlaw.com
808 Travis, 20th Floor
Houston, Texas   77002
Telephone:   (713) 632-1700
Facsimile:   (713) 222-0101

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P**.
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:	(713) 632-1700
Facsimile:	(713) 222-0101

Amber R. Dunten
Texas Bar No. 24010004
Federal I.D. No. 31660
dunten@mdjwlaw.com